IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF BBCMS MORTGAGE TRUST 2021-C9, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2021-C9,<br><br>Plaintiff,<br><br>v.<br><br>57 4TH AVE. LLC, ABE RICHARD COHEN, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, and NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,<br><br>Defendants. | : : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION<br><br>NO. |

**COMPLAINT**

Plaintiff, Wells Fargo Bank, National Association, as Trustee for the benefit of the registered holders of BBCMS Mortgage Trust 2021-C9, Commercial Mortgage Pass-Through Certificates, Series 2021-C9 ("Lender"), acting by and through its special servicer, K-Star Asset Management LLC ("K-Star"), for its complaint against Defendants, avers as follows:

**I.   PARTIES, JURISDICTION AND VENUE**

1.   Wells Fargo Bank, National Association, is a national banking association with its main office, as designated in its Articles of Association, located in Sioux Falls, South Dakota.  Non-party K-Star is the Special Servicer for Lender with respect to the Loan (as defined below).

2.	Defendant 57 4th Ave. LLC ("Borrower") is a New York limited liability company having a last known address at 162 Montague Street, Brooklyn, New York 11201. Upon information and belief, Borrower's membership interests are owned through intervening limited liability companies by Abe Cohen, Steven Rosenberg, Moshe Mendlowitz, Barry Singer, Hillel Fischman, Mikey Belz and Joe Klein, all of whom are citizens of New York, and Meir Mendelsohn, Yaakov Stefansky, Shneur Stefansky and Shabsai Raitzik, all of whom are citizens of New Jersey.

3.	Defendant Abe Richard Cohen ("Guarantor") is an individual and a citizen of New York, having an address in Brooklyn, New York. Guarantor is named as a defendant herein to the extent necessary to preserve Lender's potential deficiency claim on the Guaranty (as defined below).

4.	Defendant New York City Department of Finance is an agency and instrumentality of the State of New York, having an address of 100 Church Street, New York, New York 10007, and is named as a defendant due to possible unpaid taxes related to the subject property.

5.	Defendant State of New York Department of Taxation and Finance is an agency and instrumentality of the State of New York, having a designated address for service of process c/o Office of Counsel, Building 9, WA Harriman Campus, Albany, New York 12227, and is named as a defendant due to possible unpaid taxes related to the subject property.

6.	Defendant New York City Environmental Control Board is an agency and instrumentality of the State of New York, having an address of 66 John Street #10, New York, New York 10038, and is named as a defendant due to possible unpaid liens related to the subject property.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and the action is between citizens of different states.

8. Venue exists in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because the real property that is the subject of this action is situated in this district.

## II. FACTS

### A. The Original Loan Transaction

9. Borrower is the owner of the fee estate in certain real property located at 57 4th Avenue in Brooklyn, New York, as more fully described as Exhibit A (Legal Description) to the Mortgage (as defined below) and referred to herein as the "Land."

10. On or about December 22, 2020, LMF Commercial, LLC ("Original Lender"), issued to Borrower a commercial mortgage loan in the principal amount of $4,375,000.00 (the "Loan").

11. The Loan is evidenced by a Consolidated, Amended and Restated Promissory Note dated December 22, 2020, executed by Borrower in favor of Original Lender in the principal amount of $4,375,000.00 (the "Note"), a copy of which, with affixed allonges, is attached hereto as ***Exhibit A***.

12. The Note consolidated certain existing indebtedness previously incurred by Borrower. *See* Ex. A (Note), Schedule A (Existing Indebtedness).

13. To secure repayment on the Note, Borrower executed in favor of Original Lender a Consolidated, Amended and Restated Mortgage and Security Agreement executed on December 17, 2020, to be effective as of December 22, 2020 (the "Mortgage"), a copy of which is attached hereto as ***Exhibit B***, which consolidated, amended and restated various existing mortgages with respect to the Land, the earliest of which was recorded on February 17, 2015. *See* Ex. B (Mortgage), Schedule A (Existing Mortgages). The Mortgage was recorded with the Office

3

of the City Register of the City of New York (the "Recorder") on December 31, 2020, as CRFN 2020000373314.

14. Pursuant to the Mortgage, Borrower granted to Original Lender a security interest in, *inter alia*, certain personal property (the "Personal Property") as more fully described in Section 1.1(g) of the Mortgage and Schedule A to the UCC-1 Financing Statement described below, which are incorporated herein by reference.

15. Original Lender perfected its lien and security interest in the Personal Property via a UCC-1 Financing Statement, a copy of which is attached hereto as **Exhibit C**, which was filed with the New York Secretary of State (the "Secretary") on March 2, 2021, as Filing No. 202103020072297.

16. The Loan is also evidenced by a Loan Agreement between Borrower and Original Lender dated as of December 22, 2020 (the "Loan Agreement"), a copy of which is attached hereto as **Exhibit D**.

17. In further consideration for the Loan, Guarantor executed in favor of Original Lender a Guaranty of Recourse Obligations dated as of December 22, 2020 (the "Guaranty"), a copy of which is attached hereto as **Exhibit E**. The Note, the Mortgage, the Loan Agreement, the Guaranty and various other documents executed by Borrower and/or Guarantor in favor of Original Lender with respect to the Loan are collectively referred to herein as the "Loan Documents."

B. **The Securitization and Assignment of the Loan to Lender**

   i. **The First Loan Assignment**

18. Original Lender assigned the Loan to RMF Sub 5, LLC ("First Assignee") (the "First Loan Assignment").

19. In connection with the First Loan Assignment, Original Lender delivered the original Note to First Assignee with an Allonge, which is firmly affixed thereto. *See* Exhibit A (Note with Allonges).

20. Also in connection with the First Loan Assignment, Original Lender executed in favor of First Assignee an Assignment of Mortgage dated as of March 23, 2021, to be effective as of December 22, 2020, a copy of which is attached hereto as ***Exhibit F***, which was recorded with the Recorder on July 2, 2021, as CRFN 2021000253439.

21. Original Lender also assigned its interest in the Personal Property to First Assignee via a UCC-3 Amendment-Assignment, a copy of which is attached hereto as ***Exhibit G***, which was filed with the Secretary on May 24, 2021, as Filing No. 202105248236130.

  ii.  **The Second Loan Assignment**

22. First Assignee reassigned the Loan to Original Lender (the "Second Loan Assignment").

23. In connection with the Second Loan Assignment, First Assignee delivered the original Note to Original Lender with an Allonge, which is firmly affixed thereto. *See* Exhibit A (Note with Allonges).

24. Also in connection with the Second Loan Assignment, First Assignee executed in favor of Original Lender an Assignment of Mortgage dated as of March 23, 2021, to be effective as of March 10, 2021, a copy of which is attached hereto as ***Exhibit H***, which was recorded with the Recorder on July 2, 2021, as CRFN 2021000253440.

25. First Assignee also assigned its interest in the Personal Property to Original Lender via a UCC-3 Amendment-Assignment, a copy of which is attached hereto as ***Exhibit I***, which was filed with the Secretary on May 24, 2021, as Filing No. 202105248236142.

### iii. The Third Loan Assignment

26. The Loan was then securitized and assigned by Original Lender to Lender (the "Third Loan Assignment").

27. In connection with the Third Loan Assignment, Original Lender delivered the original Note to Lender with an Allonge, which is firmly affixed thereto. *See* Exhibit A (Note with Allonges).

28. Also in connection with the Third Loan Assignment, Original Lender executed in favor of Lender an Assignment of Mortgage dated as of March 23, 2021, to be effective as of March 10, 2021, a copy of which is attached hereto as **Exhibit J**, which was recorded with the Recorder on July 2, 2021, as CRFN 2021000253441.

29. Original Lender also assigned its interest in the Personal Property to Lender via a UCC-3 Amendment-Assignment, a copy of which is attached hereto as **Exhibit K**, which was filed with the Secretary on May 24, 2021, as Filing No. 202105248236154.

### C. Relevant Contractual Provisions

30. The Mortgage secures, *inter alia*, Borrower's payment of the Debt (as defined in the Loan Agreement) and performance of all of its obligations under the Note, the Loan Agreement and the other Loan Documents. *See* Ex. B (Mortgage) at p. 1.

31. The Mortgage creates a first-priority lien and security interest in Borrower's present and future right, title, interest and estate in and to the "Property" defined in the Mortgage, including but not limited to the Land, Improvements, Equipment, Fixtures, Personal Property, Leases and Rents as defined in the Mortgage. *See* Ex. B (Mortgage) § 1.1.

32. The Loan Agreement requires that Borrower make a payment to Lender in the Monthly Debt Service Payment Amount on each Payment Date, which is defined as the sixth

day of each calendar month.  *See* Ex. D (Loan Agreement) § 2.2.2 and at pp. 2 (defining "Monthly Debt Service Payment Amount") and 16 (defining "Payment Date").

33. The Loan Agreement provides that:

> If any principal, interest or any other sums due under the Loan Documents (other than the Outstanding Principal Balance due and payable on the Maturity Date) is not paid by Borrower within five (5) days following the date on which it is due, Borrower shall pay to Lender upon demand an amount equal to the lesser of five percent (5%) of such unpaid sum or the maximum amount permitted under applicable Legal Requirements in order to defray the expense incurred by Lender in handling and processing such delinquent payment and to compensate Lender for the loss of the use of such delinquent payment.

*See* Ex. D (Loan Agreement) § 2.2.4.

34. The Loan Agreement further provides that it shall constitute an Event of Default "if any monthly Debt Service . . . is not paid when due."  *See* Ex. D (Loan Agreement) §§ 7.1(i)(A).

35. Additionally, the Loan Agreement provides that, "[u]pon the occurrence and during the continuance of an Event of Default, interest on the Outstanding Principal Balance and, to the extent permitted under applicable Legal Requirements, overdue interest in respect of the Loan, shall accrue at the Default Rate," which is defined as "a rate per annum equal to the lesser of (a) the Maximum Legal Rate, or (b) five percent (5%) above the Applicable Interest Rate [of 4.28% per annum]."  *See* Ex. D (Loan Agreement) § 2.2.1 and at pp. 1 (defining "Applicable Interest Rate") and 10 (defining "Default Rate").

36. The Mortgage provides that, upon the occurrence of an Event of Default, Lender may, among other things, "declare the entire unpaid Debt to be immediately due and payable" and "institute proceedings, judicial or otherwise, for the complete foreclosure of this Security Instrument under any applicable provision of law."  *See* Ex. B (Mortgage) §§ 7.1(a)-(b).

37. The Loan Agreement provides that:

7

> Borrower shall pay or, if Borrower fails to pay, reimburse Lender upon receipt of notice from Lender, for all actual and reasonable costs and expenses (including reasonable attorneys' fees and disbursements) incurred by Lender in connection with . . . enforcing any Obligations of or collecting any payments due from Borrower or Guarantor under the Loan Documents or with respect to the Property or in connection with any refinancing or restructuring of the credit arrangements provided under this Agreement in the nature of a "work-out" or of any Bankruptcy Action.

See Ex. D (Loan Agreement) § 9.13(a)(vi).

### D. Borrower's Default on Its Obligations

38. Borrower was frequently delinquent with its monthly payments since the origination of the Loan and failed to pay the Monthly Debt Service Payment Amounts due on the monthly Payment Dates beginning in December 2024.

39. Borrower's failure to pay the Monthly Debt Service Payment Amounts constitutes an Event of Default under the Loan Documents. *See* Ex. D (Loan Agreement) § 7.1(i)(A).

40. Lender, through its counsel, provided a Notice of Default and Demand for Payment to Borrower by letter dated April 14, 2025 (the "Notice of Default"), a copy of which is attached hereto as **Exhibit L**, which advised Borrower that it was in default under the Loan Documents by virtue of, *inter alia*, failing to pay the Monthly Debt Service Payment Amounts beginning in December 2024.

41. The Notice of Default further advised Borrower that:

> IN THE EVENT THE DELINQUENT AMOUNTS ARE NOT PAID IN FULL WITHIN SEVEN DAYS OF THE DATE OF THIS NOTICE, AT THE OPTION OF LENDER, THE DEBT MAY BE ACCELERATED AND DECLARED TO BE IMMEDIATELY DUE AND PAYABLE AND DEMAND MADE FOR THE IMMEDIATE AND FULL PAYMENT OF SAME, AND LENDER MAY EXERCISE SUCH OTHER AND FURTHER RIGHTS, INCLUDING BUT NOT LIMITED TO FORECLOSURE AND ITS OTHER REMEDIES UNDER THE LOAN DOCUMENTS, AS LENDER IN ITS DISCRETION MAY DEEM APPROPRIATE.

*See* Ex. L (Notice of Default) at p. 3.

42. Notwithstanding the Notice of Default, Borrower failed to cure the Events of Default by paying the amounts due to Lender.

43. Lender, through its counsel, provided a Notice of Acceleration to Borrower by letter dated April 28, 2025 (the "Notice of Acceleration"), a copy of which is attached hereto as **Exhibit M**, which advised Borrower that "the Debt secured by the Mortgage is hereby accelerated and declared to be immediately due and payable" and that "demand is hereby made of Borrower for the immediate and full payment of the Debt." *See* Ex. M (Notice of Acceleration) at p. 2.

44. To date, Borrower has failed to pay the Debt in full or otherwise cure the ongoing Event of Default.

45. Accordingly, Lender brings this action to foreclose the Mortgage.

## COUNT ONE – MORTGAGE FORECLOSURE

46. Paragraphs 1 through 45 of this Complaint are incorporated herein by reference.

47. Borrower executed the Note, which is secured by the Mortgage, in favor of Lender.

48. Borrower has defaulted on its obligations under the Note, the Mortgage, the Loan Agreement and the other Loan Documents.

49. Lender is authorized by the Mortgage and by New York law to foreclose the Mortgage in the event of a default by Borrower.

50. Lender is the sole, true, and lawful owner and holder of the Note, the Mortgage and the Loan Documents, and is owed all sums now due pursuant thereto.

NG-58S8J20W #4927-3739-3725 v1

51. All conditions precedent necessary to bring the claims set forth herein have been satisfied.

52. Attorneys' fees, late charges, interest (at the Default Rate), costs and other amounts due and owing under the Loan Documents continue to accrue as set forth in the Loan Documents.

53. In order to protect its interest in the Property, Lender has paid and/or may be compelled to pay during the pendency of this action local taxes, assessments, water rates, sewer rents, insurance premiums, and/or other charges to protect and preserve, or affecting, the Property. Lender requests that any such sums paid by it for any such purposes, together with interest thereon, be added to the total sum due to it by Borrower, be deemed secured by the Mortgage, and be adjudged a valid lien on the Property.

54. There is no other action or proceeding pending at law or otherwise for the collection of the indebtedness evidenced by the Note, and no judgment has been entered in favor of Lender or against any of the Defendants for such indebtedness.

55. Lender requests that in the event the action proceeds to judgment of foreclosure and sale, that judgment provide for the sale of the Property in such manner and order as shall be most likely to, and to the extent necessary to, satisfy the total amount adjudged due to Lender.

WHEREFORE, Lender respectfully requests that the Court enter judgment in its favor and against Borrower on Count One of the Complaint and that:

(a) Each and all of the Defendants, and all persons claiming under any of them, and every person or entity whose right, title, conveyance or encumbrance is recorded subsequent to the commencement of this action and the filing of a notice of

NG-58S8J20W #4927-3739-3725 v1

pendency thereof, be barred and forever foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the Property, including the fixtures and articles of personality upon which the Mortgage is a lien;

  (b) The Property may be decreed to be sold, according to law, and that the monies arising from such sale be brought into Court;

  (c) Lender may be paid the amount due on the Loan Documents, with interest to the time of such payment, and the expenses of such sale, including attorneys' fees, together with the costs, allowances and disbursements of this action, and together with any sums incurred by Lender pursuant to any term or provision of the Loan Documents or to protect the lien of the Mortgage and the sums which may have been paid by Lender to protect the security afforded by the Mortgage and the liens thereon to be paid, together with interest upon those sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same;

  (d) In the event that Lender possesses any other lien(s) against the Land, Rents, or Personal Property either by way of judgment, junior mortgage or otherwise, such other lien(s) shall not be merged in Lender's cause(s) of action set forth in this Complaint but that Lender shall be permitted to enforce the other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings; and

  (e) Lender be awarded such other and further relief as the Court in its discretion may deem just and proper.

|  |  |
|---|---|
| Dated: May 19, 2025 | */s/ Raymond A. Quaglia*<br>Raymond A. Quaglia<br>Ana Blanco<br>BALLARD SPAHR LLP<br>1675 Broadway, 19th Floor<br>New York, NY 10019-5820<br>(646) 346-8048<br>quaglia@ballardspahr.com<br>blancoa@ballardspahr.com<br><br>Counsel for Plaintiff |

NG-58S8J20W #4927-3739-3725 v1